# Labaton
# Sucharow

212 907 0873 direct
212 883 7074 fax
email aharwood@labaton.com

August 8, 2008

**VIA HAND DELIVERY**

Hon. Richard J. Holwell
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

Re:   Vivendi Universal, S.A. Securities Litigation, 02 Civ. 5571 (RJH) (HBP)

Dear Judge Holwell:

I write on behalf of the individual plaintiffs ("Plaintiffs") in this consolidated action to advise the Court of *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991), *cert. denied sub nom., Atun, C.A. v. Lucas*, 502 U.S. 1073 (1992), which bears on defendant Guillaume Hannezo's motion to dismiss, dated June 16, 2008 ("Motion to Dismiss") (Docket No. 585). Relying primarily on *Montalbano v. Easco Hand Tools*, 766 F.2d 737 (2d Cir. 1985), Hannezo's motion asserted that Plaintiffs were required to have attempted to serve Hannezo outside the United States within 120 days of filing their complaints (Hannezo's Mem. at 506), even though Rule 4(m) expressly provides that the 120 day time limit for service of process "does not apply to service in a foreign country . . . ." Fed. R. Civ. P. 4(m). *Lucas* shows that Hannezo has misinterpreted and misapplied *Montalbano*.

The defendant in *Lucas*, like Hannezo here, argued that "service in a foreign country must at least be attempted within 120 days," citing *Montalbano* in support. 936 F.2d at 433. The Ninth Circuit rejected the defendant's argument, noting that *Montalbano* was inapposite because, in *Montalbano*, "no service had been effected ***anywhere at the time of the order of dismissal.***" *Id.* (emphasis added). Indeed, the plaintiff in *Montalbano **never even attempted*** service abroad; rather, the plaintiff had purported to effect service in the United States on an entity that the plaintiff erroneously believed was the foreign defendant's agent. *Montalbano*, 766 F.2d at 738. By contrast, in *Lucas* — as in this case — the plaintiff served the defendant outside the United States. *Lucas*, 936 F.2d at 432. The *Lucas* court held that the language of the rule was clear; the 120 day time limit did not apply to service outside the United States and that ***service in a foreign country eleven months after filing was timely and effective***. *Lucas*, 936 F.2d at 432 -33. Just as in *Lucas, Montalbano* is inapposite here, and service is proper under Rule 4, because plaintiffs have served Hannezo outside the United States.



# Labaton Sucharow

Hon. Richard J. Holwell
August 11, 2008
Page 2

Plaintiffs respectfully request that the Court take *Lucas* into consideration when deciding Hannezo's Motion to Dismiss.[1]

Respectfully yours,

*[signature]*

Anthony J. Harwood

cc:  (By Email)
  Martin L. Perschetz, Esq.
  Michael E. Swartz, Esq.
  Einat Philip, Esq.
  Paul C. Saunders, Esq.
  Penny P. Reid, Esq.
  William H. Narwold, Esq.
  Nathan D. Finch, Esq.
  James J. Sabella, Esq.
  Stuart L. Berman, Esq.

---

[1] This Court has broad discretion to consider surreplies and supplemental responses to motions. *See e.g., Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005) (the court considered a surreply, despite the fact that the other party objected); *Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB)(KNF), 2008 U.S. Dist. LEXIS 20135, at *4 n.1 (S.D.N.Y. Mar. 12, 2008) ("the decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file surreplies."); *Pasha v. William M. Mercer Consulting, Inc.*, No. 00 Civ. 8362 (RWS), 2004 U.S. Dist. LEXIS 1226, at *6-7 (S.D.N.Y. Feb.3, 2004) (the court exercised its discretion to consider a surreply, noting that surreplies are not prohibited by the Local Rules).